UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **RAUL NAVARRO,** | Case No.: |
| Plaintiff, | |
| v. | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| **CAPITAL ONE AUTO FINANCE, INC.,** | |
| Defendant. | **(Unlawful Debt Collections Practices)** |

## COMPLAINT

RAUL NAVARRO ("Plaintiff"), by and through his counsel, Kimmel & Silverman, P.C., alleges the following against CAPITAL ONE AUTO FINANCE, INC. ("Defendant"):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act ("TCPA").

### JURISDICTION AND VENUE

2. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331. See Mims v. Arrow Fin. Services, LLC, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

3. Defendant conducts business in the State of California and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in San Rafael, California 94901.

6. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

7. Defendant is a lender with its principal place of business located at 8058 Dominion Parkway, Building 5, Plano, Texas 75024.

8. Defendant is a "person" as that term is defined by 47 U.S.C. §153(39).

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. Plaintiff has a cellular telephone number that he has had for over two (2) years.

11. Plaintiff has only used this number as a cellular telephone number.

12. Defendant called Plaintiff on his cellular telephone on a repetitive and continuous basis.

13. During the relevant period, Defendant called Plaintiff on his cellular telephone, on average, multiple times a day.

14. When contacting Plaintiff on his cellular telephone, Defendant used an automatic telephone dialing system and automatic and/or pre-recorded messages.

15. Plaintiff knew that Defendant was using an automatic telephone dialing system and automatic and/or pre-recorded messages as Defendant's calls began with a noticeable pause or delay before its call was transferred to a live representative.

16. Soon after the calls began, Plaintiff demanded that Defendant stop placing calls to his cellular telephone number regarding the alleged debt.

17. Defendant heard and acknowledged Plaintiff's revocation of consent and demand to stop calling his cellular telephone number.

18. Despite Plaintiff's clear revocation of consent, Defendant persisted in placing calls to Plaintiff's cellular telephone number.

19. Defendant's telephone calls were not made for "emergency purposes."

20. Plaintiff found Defendant's calls to be invasive, harassing, annoying, aggravating, and upsetting.

**COUNT I**
**DEFENDANT VIOLATED THE**
**TELEPHONE CONSUMER PROTECTION ACT**

21. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

22. Defendant initiated multiple automated telephone calls to Plaintiff's cellular telephone using a prerecorded voice.

23. Defendant initiated these automated calls to Plaintiff using an automatic telephone dialing system.

24. Defendant's calls to Plaintiff were not made for emergency purposes.

25. After Plaintiff told Defendant to stop calling, the Defendant knew or should have known that it did not have consent to call and that any consent it may have thought it had was revoked.

26. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

27.     The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

28.     As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

WHEREFORE, Plaintiff, RAUL NAVARRO, respectfully prays for judgment as follows:

   a.   All actual damages suffered pursuant to 47 U.S.C. §227(b)(3)(A);

   b.   Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3)(B);

   c.   Treble damages of $1,500 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

   d.   Injunctive relief pursuant to 47 U.S.C. §227(b)(3); and

   e.   Any other relief deemed appropriate by this Honorable Court.

**DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, RAUL NAVARRO, demands a jury trial in this case.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: August 7, 2019 | By: /s/ Amy L. Bennecoff Ginsburg<br>Amy L. Bennecoff Ginsburg, Esquire<br>Kimmel & Silverman, P.C.<br>30 East Butler Pike<br>Ambler, Pennsylvania 19002<br>Phone: (215) 540-8888<br>Facsimile: (877) 788-2864<br>Email: aginsburg@creditlaw.com |